IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY GENNOCK and JORDAN BUDAI, individually and on behalf of all others similarly situated,<br>　　　　　Plaintiffs,<br><br>　vs<br><br>KIRKLAND'S, INC.,<br>　　　　　Defendant. | Civil Action No. 17-454<br>Judge Cercone<br>Magistrate Judge Mitchell |

## MEMORANDUM AND ORDER

Plaintiffs, Ashley Gennock and Jordan Budai, bring this action individually and on behalf of all others similarly situated against Defendant, Kirkland's, Inc., alleging violations of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g) (FACTA). Specifically, they allege that Kirkland's handed them paper receipts on several occasions that displayed more than the last five digits of their credit card numbers, contrary to the express requirements of the Act.

Presently before the Court is Defendant's motion to stay the case pending the disposition of a similar action that is about to be considered by the Court of Appeals for the Third Circuit. Plaintiffs oppose the motion to stay. For the reasons that follow, the motion will be granted.

Procedural History

Plaintiffs filed this action on April 10, 2017. Federal question jurisdiction is based on the FACTA claim, 28 U.S.C. § 1331; 15 U.S.C. § 1681p. They bring this action on behalf of all others similarly situated pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. (Compl. ¶¶ 53-54.) They seek an order certifying the class and appointing them as class representatives with their counsel as class counsel, an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendant's willful violations, an award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), payment of costs of suit and reasonable attorney's fees

pursuant to 15 U.S.C. § 1681n(a)(3), and other and further relief as the Court may deem proper. (Compl. at 18-19.)

On July 31, 2017, Defendant filed a motion to dismiss (ECF No. 7), in which it contended that: 1) Plaintiffs lacked standing because they suffered no injury; and 2) they could not state a claim for relief on the basis that Kirkland's acted willfully. Plaintiffs filed a brief in opposition and Defendant filed a reply brief.

On November 29, 2017, a Report and Recommendation was filed (ECF No. 25), recommending that the motion be denied. Defendant filed objection (ECF No. 26) and Plaintiffs filed a response (ECF No. 27). On January 9, 2018, Judge Cercone entered a Memorandum Order adopting the Report and Recommendation and denying the motion to dismiss (ECF No. 28). An initial case management conference was scheduled for March 8, 2018 (ECF No. 29).

But on January 24, 2018, Defendant filed a motion to stay (ECF No. 31), pending the outcome of <u>Kamal v. J. Crew Group, Inc.</u>, No. 17-2345 (3d Cir. appeal filed June 22, 2017). On January 30, 2018, Plaintiffs filed a brief in opposition (ECF No. 35). Plaintiffs do not dispute Defendant's assertion that the issues in the case <u>Kamal</u> (plaintiff's standing and defendant's willfulness) are the same as the issues presented in this case, but they argue that the relevant factors weigh against a stay.

    <u>Motion to Stay Proceedings</u>

"The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." <u>United States v. Breyer</u>, 41 F.3d 884, 893 (3d Cir. 1994). "Central to this power is a court's ability to 'hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.'" <u>Duchene v. Westlake Servs., LLC</u>, No. 2:13-CV-01577, 2015 WL 5947669, at *2 (W.D. Pa. Oct.

13, 2015) (quoting Resco Products, Inc. v. Bosai Minerals Grp. Co., 2010 WL 2331069, at *4 (W.D. Pa. June 4, 2010)). Plaintiffs cite the following statement from Judge Hornak's decision in Duchene:

> Other district courts in our Circuit have outlined four non-exhaustive factors to consider when weighing whether to stay a case: (1) the length of the requested stay; (2) the hardship that the moving party would face if the stay were not granted; (3) the injury that a stay would cause to the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy. See Salvatore v. Microbilt Corp., No. 4:14–CV–1848, 2015 WL 5008856, at *1 (M.D. Pa. Aug.20, 2015) (citing Vasvari v. Rite Aid Corp., No. 09-CV-2069, 2010 WL 3328210, at *2 (M.D. Pa. Aug.23, 2010)).

Id. at *2.[1] Somewhat oddly, however, they fail to acknowledge that, in Duchene, Judge Hornak weighed the factors and concluded that a stay in a case under the Telephone Consumer Protection Act was warranted pending the Supreme Court's decision in the Spokeo case on the issue of standing.[2] See also Osten v. Frederick J. Hann & Assocs., 2011 WL 12715581 (W.D. Pa. Mar. 16, 2011) (McLaughlin, J.) (staying action under Fair Debt Collection Practices Act until Third Circuit decided appeal of similar case); Haas v. Burlington County, 2009 WL 4250037 (D.N.J. Nov. 24, 2009). Plaintiffs have not cited any authority to the contrary. Indeed, although they cite Landau v. Viridian Energy PA, LLC, 2017 WL 1232313, at *6 (E.D. Pa. Apr. 3, 2017), for the proposition that a stay is "an extraordinary measure," they neglect to note that the court in Landau granted the stay because of other pending cases.

The same analysis applies here. The stay will be of limited duration: on February 9, 2018, less than two weeks from today, the Court of Appeals will either hear oral argument or

---

[1] Defendant cites a similar three-factor test noted in other district court cases: "(1) whether granting the stay will simplify the issues; (2) the status of the litigation; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." Amalgamated Transit Union, Local 1729 v. First Group America, Inc., 2015 WL 7571938, at *3 (W.D. Pa. Nov. 24, 2015) (McVerry, J.) The result is the same under either test.

[2] Spokeo v. Robins, 136 S.Ct. 1540 (2016) was decided on May 16, 2016.

take the case of Kamal on submissions. The hardship faced by Defendant is the risk of unnecessary proceedings and expenses if the case is not stayed. Judge Hornak weighed this factor in favor of a stay in Duchene even though the bulk of discovery had been completed. A fortiori, it applies with even more significance here, where discovery has not begun.

Plaintiffs contend that they will suffer hardship in the sense that "it will be more difficult to determine from fact witnesses an accurate explanation of Defendant's decision making process" and "some witnesses and documents may become available altogether." (ECF No. 35 at 3.) But this concern is hypothetical and is not tied to any specific facts in this case. Judge Hornak found this factor did not weigh against granting a stay: "A relatively short delay of definite duration would not likely affect the availability of evidence or the memory of witnesses, especially where we have "no specific facts or reasoning [that] indicate otherwise." Duchene, 2015 WL 5947669, at *3 (quoting Larson v. Trans Union, LLC, 2015 WL 3945052, at *8 (N.D. Calif. June 26, 2015)).

Finally, judicial economy favors a stay: if the Court of Appeals finds that Plaintiffs lack standing, then this Court will lose jurisdiction and any judicial resources spent on the matter between now and then would essentially be to no avail. See Duchene, 2015 WL 5947669, at *4. Plaintiffs argue that the Report and Recommendation predicted that the Court of Appeals would conclude that Plaintiffs have standing under the facts of this case. However, the Court explicitly stated that: "If the Court of Appeals wishes to take a different tack as to standing than it did in [two prior cases] with respect to FACTA, it may certainly do so, but his Court should not presume that result." (R&R at 11.) There is a difference between predicting what the Court of Appeal might do if presented with an issue and allowing a case to proceed despite the fact that the Court of Appeals currently has before it the same issue that could prove dispositive of the

matter, rather than temporarily staying the case in order to await this decision.

AND NOW, this 31st day of January, 2018, for the reasons identified above,

IT IS HEREBY ORDERED that Defendant's motion to stay this case (ECF No. 31) pending the Third Circuit's decision in <u>Kamal v. J. Crew Group, Inc.</u>, No. 17-2345 (3d Cir. appeal filed June 22, 2017) is granted.


<u>s/Robert C. Mitchell</u>
ROBERT C. MITCHELL
United States Magistrate Judge